LOVIE WRIGHT ET AL V. STATE

No. 34,231.   March 14, 1962
Motion for Rehearing Overruled May 2, 1962

*Hamah R. King* and *George Washington, Jr.,* Houston, for appellants.

*Frank Briscoe,* District Attorney, *Samuel H. Robertson, Jr., Edward D. Michalek, Jr.,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The twenty-two appellants were jointly tried and convicted of unlawful assembly under Arts. 439 and 449, P.C.; the punishment, a fine of $250 each.

The appellants were charged with intentionally aiding each other by forming a continuous line near the ticket office of Loew's State Theater, there situate to prevent the sale of tickets, and thereby deprive Homer William McCallon from engaging in the operation of the theater.

The testimony of Theater Manager McCallon, Assistant Manager Hogan, and Police Sergeant Monroe shows that about 4:30 P.M. on April 30, 1961, a felt rope had been placed on 4 posts across the theater entrance, leaving 30 inch passage-ways on either end. The group of appellants, some of whom carried signs, arrived at 6 P.M. and about ten of them formed a continuously moving double line blocking the front of the theater entrance. In addition, from two to five of the others stood in each of the passageways and kept them closed almost constantly. Assistant Manager Hogan and three ushers had to stand behind the felt rope and assist patrons who had been able to get past the double line, on through the blocked passageways. This was usually done by

moving one of the 20 pound posts to enlarge the opening, and then squeezing patrons through this enlarged opening. Ten police officers of the City of Houston arrived at 6:30 P.M., and arrested the appellants about 7:15 P.M. after conferring with both them and the theater management.

McCallon further testified, when asked to describe the double line of appellants, that they made a "formidable barrier", and in order to sell tickets "we would move the tape aside and squeeze people in". He stated that there was a certain amount of physical effort to get through both the appellants in the double line and those obstructing the passageways, and that for the most part patrons had to be escorted in.

Hogan testified that he asked the appellants in the passageways to move but they would not answer and would stand "side by side" as soon as a patron would walk up.

Police Sergeant Monroe, who directed the police activities, identified the appellants and testified that after talking with the manager and his assistant, he told the appellants that they were depriving the theater of the right to do business in a normal manner and to let the patrons come and go as they chose. He further testified that following this the theater manager then asked each to move and they refused. "They said they decided they would stay regardless." Sergeant Monroe also testified that he observed the appellants' actions for some 45 minutes, and that during this time some 18 or 19 people walked up to the theater and about half of them got in and the other half turned away. Also during this time, some 30 to 40 other people talked to him about this situation, asking if the movie was open, and some said "let's go to another theater," and "several asked if he would see to it that they got in safely."

John Wesley Bland was the only appellant to testify. He stated that after admission was refused to the appellants that they formed peaceful picket lines for the purpose of gaining admission. On cross-examination, he related that all of the actions of the group had been previously planned in the event that admission was denied.

There are no formal bills of exception, nor has any brief been filed on behalf of the appellants.

The informal bills of exception have been considered, and they reflect no error.

The evidence is sufficient to warrant the conclusion that the appellants are guilty as charged.

The judgment is affirmed.

Opinion approved by the Court.